UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ELDRED SALTERS,

    Petitioner,

v.                                          Case No. 8:23-cv-1083-WFJ-JSS

WILLIAM HOLZAPFEL,

    Respondent.
_____/

## ORDER

Eldred Salters, a federal prisoner, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1). Upon review, it is apparent that the petition was improperly filed in this district. Unlike other forms of habeas relief, a § 2241 petition "may be brought *only* in the district court for the district in which the inmate is incarcerated." *Fernandez v. United States*, 941 F.2d 1488, 1495 (11th Cir. 1991) (emphasis added); *see also Garcia v. Warden*, 470 F. App'x 735, 736 (11th Cir. 2012) ("[J]urisdiction for § 2241 petitions lies only in the district of confinement."); *United States v. Kinsey*, 393 F. App'x 663, 664 (11th Cir. 2010) ("Unlike § 2255 motions, motions made pursuant to § 2241 must be brought only in the district court for the district in which the inmate is incarcerated.").

Mr. Salters is not incarcerated in the Middle District of Florida; he is incarcerated at FCI Butner Low, which is located in the Eastern District of North Carolina. (Doc. 1 at 1). Accordingly, this Court lacks jurisdiction over Mr. Salters's petition. *See Padgett v. Warden, USP Atlanta*, 745 F. App'x 859, 862 (11th Cir. 2018) ("[J]urisdiction over a §

2241 habeas petition challenging present confinement lies in only one district: the district of confinement."). Because jurisdiction is not proper in this district, the Clerk is directed to **TRANSFER** this action to the Eastern District of North Carolina and to **CLOSE** this case. *See* 28 U.S.C. § 1631 (permitting district court to transfer action to cure "a want of jurisdiction" where such transfer "is in the interest of justice").

    **DONE** and **ORDERED** in Tampa, Florida, on May 19, 2023.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE